**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARILYN K. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.   17 CV 249 |
| CLEANING CLUB, INC., an Illinois | ) |
| corporation, and JAMES W. SUN, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES Plaintiff, MARILYN K. LEE ("LEE"), by and through her attorneys, Donald S. Rothschild and Brian M. Dougherty of Goldstine, Skrodzki, Russian, Nemec and Hoff, Ltd., and for her Complaint against Defendants CLEANING CLUB, INC., an Illinois corporation, and JAMES W. SUN, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.   This action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*.

2.   Subject matter jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.*, and for the supplemental Illinois statutory claims pursuant to 28 U.S.C. § 1367.  Venue lies in the Northern District of Illinois pursuant to 28 U.S.C. §1391 since Defendants CLEANING CLUB, INC., an Illinois corporation, and JAMES W. SUN are residents of the State of Illinois, a substantial portion of the events giving rise to this claim occurred within this district and Defendants are subject to this Court's personal jurisdiction due to their activities in this district.

3. Plaintiff LEE was employed by CLEANING CLUB, INC., an Illinois corporation ("CLEANING CLUB") and performed work such as sewing, assisted customers with drop-off/pick up of clothing and operated the cash register. LEE was employed by CLEANING CLUB from November 2014 to March 2015. LEE regularly worked 70 hours per week, Monday through Saturday. LEE was paid a fixed amount for each workweek.

4. Defendant CLEANING CLUB was a dry cleaners located at 350 W. Belden Avenue, Chicago, Illinois. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the Fair Labor Standards Act. During all relevant times, Defendant was acting directly or indirectly in the interest of an employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer".

5. Defendant JAMES W. SUN ("SUN"), on information and belief, is one of the owners of CLEANING CLUB, and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer". Specifically, SUN hired and supervised LEE, set her compensation and set her duties and work schedule.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

6. LEE adopts and incorporates by reference paragraphs 1-5 as if fully restated herein.

7. LEE at all times pertinent to the claims asserted was employed by CLEANING CLUB, said employment being integral and indispensable to CLEANING CLUB's business.

8. LEE consistently worked over 40 hours per week, but despite the daily work she performed for CLEANING CLUB, LEE was not paid overtime wages.

9. Pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and the Portal-to-

Portal Act, 29 U.S.C. § 251 *et seq.*, LEE is entitled to be paid compensation at a rate not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in any week.

10. Defendants have at all times relevant hereto failed and refused to pay overtime compensation to LEE in accordance with applicable law.

11. In denying LEE compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

12. LEE is entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, MARILYN K. LEE, respectfully request that this Court enter judgment in her favor and against Defendants CLEANING CLUB, INC., an Illinois corporation, and JAMES W. SUN, jointly and severally, for unpaid overtime compensation, liquidated damages, attorney's fees and costs, all other relief authorized under the Fair Labor Standards Act of 1938, and that this Court award all other relief it deems equitable and just.

## COUNT II
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

13. Paragraphs 1 through 12 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 12 of this Count II.

14. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS § 115/1 *et seq.*

15. At all of the relevant time at issue herein, the Illinois Minimum Wage Law provides for the payment of overtime compensation. That law also provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee for the unpaid wages in the amount of 2% of the amount of such

underpayments for each month following the date such underpayments remain unpaid. 820 ILCS 105/12(a).

16. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, MARILYN K. LEE, respectfully request that this Court enter judgment in her favor and against Defendants CLEANING CLUB, INC., an Illinois corporation, and JAMES W. SUN, jointly and severally, for unpaid overtime compensation, 2% of the amount of the underpayments as provided under 820 ILCS 105/12, attorney's fees and costs, and that this Court award all other relief it deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                         Respectfully submitted,

                                         MARILYN K. LEE,

                                         By:  /s/ Brian M. Dougherty
                                                One of Her Attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000